JAMES W. STONE & others *vs.* WILLIAM D. FENNO & others.

Officers of manufacturing corporations who have been compelled to pay corporate debts, under Rev. Sts. *c.* 38, and *St.* 1851, *c.* 315, cannot maintain a bill in equity for contribution against stockholders.

BILL IN EQUITY by officers, who were also stockholders, in the New England Coal Mining Company, a corporation established under *St.* 1851, *c.* 299, against stockholders therein, to compel contribution towards a sum which the plaintiffs have been compelled to pay to satisfy a judgment against them for corporate debts.

The bill alleged that the liability of the plaintiffs did not arise from any default on their part as officers, but that all the members of the corporation were jointly and severally liable for the payment of its debts because the whole capital stock had not been paid in. The defendants filed a general demurrer, which was sustained; and the plaintiffs appealed to the whole court.

---

*H. Williams,* (*F. H. Dewey* with him,) for the plaintiffs, cited 1 White & Tudor's Lead. Cas. in Eq. 143; *Chaffee* v. *Jones,* 19 Pick. 268; *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 4 Allen, 242; Burge on Suretyship, 394; *Thayer* v. *Union Tool Co.* 4 Gray, 80.

*G. F. Hoar & W. S. Davis,* (*E Mellen* with them,) for the defendants, cited *Cary* v. *Holmes,* 2 Allen, 498, and cases there cited; 1 White & Tudor's Lead. Cas. in Eq. 159; *Kelton* v. *Phillips,* 3 Met. 61; *Coleman* v. *Barnes,* 5 Allen, 374.

BIGELOW, C. J.* The obligation of contribution is founded on the equitable principle that those who have united in taking upon themselves a common duty or burden ought to bear it equally. But in order to create this obligation it is essential that the duty or burden should be a common one; that is, that it should rest upon all alike. It is not sufficient that two or more persons are liable to pay the same debt. The liability must be the same in kind and degree; not separate and successive, but joint and coördinate, so that all stand *in æquali jure,* in regard to the performance of the obligation or payment of the debt for which they are respectively liable. The rule of law, as well as of equity, is, that all who are bound by a common obligation shall stand relatively to one another in that state of equality in regard to a loss or payment, which corresponds with the equality of risk or responsibility which rests upon them under their original contract or liability. The most familiar application of this principle is where several persons are bound as sureties for the same debt. If one of them is compelled by the creditor to pay the whole debt, he can call on his co-sureties to contribute their share or proportion, because as between themselves the obligation of payment rested equally on all. But where there is no such equality, the right of contribution does not exist. Persons may be liable to a creditor for the payment of the same debt, and yet be entitled to no right of contribution among themselves. For example, indorsers on a promissory note are all liable equally to the holder; but their liability

---

* DEWEY, J. did not sit in this case.

as among themselves is not a common or equal one, and the principle of contribution is not applicable to the relation which their several contracts of indorsement create between them.

These elementary principles are decisive against the right of the plaintiffs to maintain this bill. The liability which rested on them to pay the debts of the corporation of which they were officers was not the same or coördinate with that which attached to stockholders. By Rev. Sts. *c.* 38, §§ 30, 31, as modified by *St.* 1851, *c.* 315, § 3, under which the rights and liabilities of the parties to this suit accrued, a stockholder is not liable to pay the debts of a corporation to its creditors until after the property of its officers has been exhausted. The officers are primarily liable, the stockholders only secondarily. *Denny* v. *Richardson*, 4 Gray, 274. *Cary* v. *Holmes*, 2 Allen, 498. It is a mistake to suppose that the provisions of *St.* 1851, *c.* 315, were designed only as a change of remedy in behalf of creditors. It essentially altered, not only the right of creditors to enforce their claims against stockholders, but also the relative rights and liabilities of officers and stockholders as to the payment of corporate debts. *Bangs* v. *Lincoln*, 10 Gray, 600, 606. Indeed, it would seem that the main purpose of this statute must have been to protect stockholders against an immediate liability to creditors of the corporation, and to exempt them entirely from the payment of corporate debts, if the officers were of sufficient ability to satisfy them. No other object could have been in contemplation by the legislature, because no useful end other than this could be accomplished by the mode of proceeding which the statute prescribed. And there was certainly good reason for making a distinction between the liability of officers and stockholders. The former have the management and control of the business of manufacturing corporations, and can so conduct their affairs as to comply with the requisitions of law and avoid any personal liability for corporate debts. It was on this ground that, under Rev. Sts. *c.* 38, different remedies were given to creditors against officers and stockholders. *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.* 4 Allen, 239, 242. The *St.* of 1851, *c.* 315, only extended this distinction further, by

making the officers in all cases primarily liable, if the property of the corporation was insufficient to pay the debts. Under the provisions of Rev. Sts. *c.* 38, the failure to comply with the requirements of the statute, by which stockholders might be rendered liable for corporate debts, would in most cases be attributable to the neglect or omission of the officers. Even if the stockholders should fail to pay in the full amount of the capital stock, no liability would thereby be created, if the officers refrained from contracting debts until the deficiency of the capital was fully made up. But however this may be, and whatever may have been the purpose of the legislature in making the change, there is no room for doubt that the statute does make an essential difference in the liability of officers and stockholders. They do not stand on the same footing. The liability of the stockholder is only conditional and successive, after the remedy against the officers has been exhausted. The corporate debts do not create a common burden, which rests on both classes of persons equally, and which they are alike bound to bear; but the liability is first imposed on officers, and is shifted on to the stockholders only in the event that the former are unable to discharge it. Between persons who sustain such a relation towards each other, in regard to a debt or duty for which they are both responsible, the essential element of equality, on which the obligation of contribution mainly depends, is wanting.

*Demurrer sustained. Bill dismissed.*